Chief Justice Boyle
delivered the Opinion of the Court.
On an execution, in favor of Wilson against Davenport, endorsed that paper of the Bank of Kentucky, or of the Bank of the Commonwealth, would be received in discharge of the execution, the sheriff took and sold a mulatto woman and child, the property of Davenport, for more than was sufficient to satisfy the execution, and Fant became the purchaser, who together with Catlett, as his surety, executed a bond to Wilson, conditioned to pay to him the amount due on the execution, and to Davenport the balance for which the slave sold.
The execution being, together with the bond, returned to the clerk’s office of the Union circuit court whence it had issued, Fant and Catlett moved that court to quash the bond for defects on its face; but the court overruled the motion, and they have appealed to tliis court.
The bond was, no doubt, improperly taken by the sheriff. The execution having been endorsed that paper would be received in discharge of it, the law required the sheriff to sell for money, and not upon a credit.
Ami even if it had been proper to sell on credit a separate, bond, should have been taken to Davenport, the defendant in the execution, for so much as the slaves sold for more than was sufficient to discharge the execution.
Had the plaintiff or defendant in the execution» therefore, applied to Ihocourt to quash the bond, ttieip *343 application might, no doubt, with propriety have been sustained, because the sale upon credit and the manner of taking the bond operated to 1 heir prejudice.
taken* by the sherifffor property J^havo bleu &0lclYor money, may not Yem JmtSt may begood at common law,andtiiernót °to°Uiíe quashodon defendants Y^omiftorwards, no acticm would ^Quashing the bond.does no1 of course Ü'e —if the sale bond he Without sotfing aside the -the sale, plaintiff is without remedy.
*343 But it does not follow that the motion of the gors in the bond, to quash it, ought to be sustained, They executed it voluntarily, aud there is nothing on the face of the bond, or in the nature of the transaction, to show that it ought not to be binding upon them.
There is no statutory provision, making such a bond void, and we are aware of no principle of the common law which renders it so.
Whether the bond can, under the provisions of the laws of this state, have the effect of a judgment on which an execution might be issued, is a question we need not examine, and to decide it, would perhaps be extrajudicial; for the motion is to quasi) not an execution issued upon (be bond, but the bond itself; and although the bond be not such as could have the effect of a judgment, yet as it is not made void by statute, and is not so upon the principles of the common law, it is evident that an action to coerce its performance, may be sustained on it against the ohligors.
To quash it, however, would destroy this remedy, and to do so in this summary inode, would be obvionsly improper, especially as the motion was made to quash the bond without quashing the sale, for it is apparent, if the bond were quashed without quashing the sale also, the plaintiff in the execution would not only be without a remedy upon the bond, but as the sale would be in force, he would be without the means of coercing bis judgment.
We are aware, that there are cases in which the obligors in replevin bonds have been allowed to sustain motions to quash such bonds, and no doubt this rnay be correctly done, cither where there is no judgment, or where there is a substantial variance, either between the execution on which the bond is taken and the judgment, or between the execution and the bond.
For in the first, case, there being no judgment, the issuing the execution would be an evident abuse of the process of the law, and it is the duty of the court *344 to superintend its process, and correct any abuse that may be made of it. Besides the execution as against the plaintiff in it would be, in such case, merely void, and of course the replevin bond, taken in virtue of it, would be void, or atleast voidable.
Obligors in replevin -bonds, may have them quashed— —where there is no judgment.— —where the execution is substantially variant from the judgment --and wheie the bond is substantially variant from the execution.
Obligor in a borní for land purchased under execution, may quash it for want of a judgment, or for variance between this and the fifi-
Crittenden and Triplett for appellants.
And in either of the other cases supposed of a substantial variance between the execution, on which the replevin bond is taken, and the judgment, or between the execution and the bond, though there would not be such a contemptuous and palpable abuse, of legal process, as in'the case where there was no judgment, yet, as the defendant in the execution, would be in danger of being pursued, as well upon the original judgment as upon the bond, the latter ought not to be permitted to remain in force.
So in the case of a sale bond, given by a purchaser of land sold under execution, it may be proper to sustain his motion to quash the bond, either where there is no judgment, or the execution is essentially variant from the judgment, for in either case, as land can only be sold in satisfaction of a judgment, his title under the purchase would not be good, and he ought not to be bound to pay for that which he could not, hold.
But here the bond in question is not a replevin bond, nor a sale bond for land, nor is the motion to quash it made upon the ground that there is no judgment, or of a variance between the execution and the judgment, or between the execution and the bond, but solely on the ground of defects apparent,on the face of the bond.
Judgment affirmed with costs.